UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SHANNON AIUTO, individually and as parent )
and next friend of minor child, M.A., )
                                       )
          Plaintiff, )
                                       )
v. )          No. 3:25-CV-380-JEM
                                       )
WAL-MART, INC., *et al.*, )
                                       )
          Defendants. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal

Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry

of judgment [Doc. 10].

Now before the Court is the Joint Motion for Entry of an Order Approving Compromise

and Settlement of a Minor's Claim and Final Order of Dismissal ("Joint Motion") [Doc. 19]. The

parties appeared via video conference on April 21, 2026, for a motion hearing. Attorney Jonathan

Lawrence appeared on behalf of Plaintiff. Plaintiff and the minor, M.A. ("Minor"), also appeared.

Attorney Maria T. de Quesada appeared on behalf of Defendants.

For the reasons set forth below, the Court **GRANTS** the motion [**Doc. 19**].

## I.      BACKGROUND

Defendants removed this action on August 5, 2025, from Knox County Circuit Court

[Doc. 1]. On June 26, 2024, the Minor was shopping with his family at Wal-Mart [Doc. 1-3 ¶ 22].

According to Plaintiff, Defendants "placed a display for outdoor patio umbrellas on [an] . . .

unsecured, loose[,] and unstable pallet rack[] and/or metal shel[f] in [their] outdoor section"

[*Id.* ¶ 20]. The Minor's grandmother asked "him to remove one of the patio umbrellas from the

pallet rack for purchase" [*Id.* ¶ 23]. "Because the pallet rack was unsecured, loose[,] and unstable," Plaintiff claims that "the metal shelf above fell on top of [the Minor], striking him in the head when the umbrella bumped it with the top of the umbrella" [*Id.* ¶ 24].

Based on the above, Plaintiff alleges negligence [*Id.* ¶¶ 56–59]. Plaintiff states that the Minor "sustained harms and losses to his body" [*Id.* ¶ 60]. In addition, due to the incident, Plaintiff "has become liable for certain medical expenses related to the [Minor's] injuries" [*Id.* ¶ 61].

On February 16, 2026, the parties filed the Joint Motion [Doc. 19]. In support of the Joint Motion, the parties filed the Affidavit of Jonathan D. Lawrence [Doc. 19-2], which the Court has sealed considering the information about the Minor therein [Doc. 20].[1]

During the April 21 hearing, Attorney Lawrence presented the terms of the parties' settlement to the Court, including the attorneys' fees and expenses. Plaintiff asserted that she has custody of the Minor. In addition, she stated that she understood the settlement agreement and that it was within the Minor's best interests. She represented that the Minor plans to attend trade school and that the settlement funds will go toward his education and the purchase of a vehicle so that he can drive himself to school.

## II.     ANALYSIS

"When minors are involved in a settlement, the district court must make an independent determination that the settlement is in the minor's best interest." *Thrivent Fin. for Lutherans v. Camp*, No. 1:15-CV-146, 2015 WL 9587725, at *1 (E.D. Tenn. Dec. 30, 2015) (citation omitted). "The Court must review and approve of the settlement in accordance with Tennessee law." *J.O. by Obitts v. Bledsoe Cnty. Bd. of Educ.*, No. 1:15-CV-329, 2017 WL 1533541, at *1

---

[1]     At the hearing, the parties stated that they do not have any objections to the Court publicly referencing the relevant factors in assessing the request for attorneys' fees, which are set forth in Attorney Lawrence's affidavit [*See* Doc. 19-2 ¶¶ 6, 7, 10, and 17].

(E.D. Tenn. Apr. 4, 2017) (citation omitted), *report and recommendation adopted sub nom. J.O. v. Bledsoe Cnty. Bd. of Educ.*, No. 1:15-CV-329, 2017 WL 1533452 (E.D. Tenn. Apr. 27, 2017). Tennessee Code Annotated § 29-34-105 states:

> (a)(1) In any tort claim settlement involving a minor, the court shall conduct a hearing at which the minor and legal guardian are present if the tort claim settlement:
>
> (A) Is a settlement of ten thousand dollars ($10,000) or more;
>
> (B) Is a structured settlement; or
>
> (C) Involves a minor who is not represented by an attorney licensed to practice in this state.

Tenn. Code Ann. § 29-34-105(a)(1). In addition, the Court must also determine whether the attorneys' fees are reasonable. *Thrivent Fin. for Lutherans*, 2015 WL 9587725, at *1 (citation omitted).

During the hearing, the parties explained the settlement amount and how the settlement proceeds will be distributed. Plaintiff represented that she intends to use the Minor's net settlement amount for education and the purchase of a vehicle so that he can attend school. She further noted that she understood the settlement agreement and that it is within the Minor's best interests.

Based on the testimony at the hearing and the filings of the parties, the Court waives the appointment of a guardian ad litem. *See* Tenn. Code Ann. § 34-1-107(a)(3). Waiver is in the best interests of the Minor given his counsel's services in this matter and Plaintiff's representations. *See id*. The Court also finds that the settlement agreement is fair and reasonable and is the Minor's best interests.

With respect to the request for attorneys' fees, "[c]ourts should not consider any fee agreement because it is not binding on the minor but rather 'should review the case on the premise

3

that there is no enforceable fee contract' and determine 'what the reasonable fee would be in the absence of a [fee] contract.'" *Thrivent Fin. for Lutherans*, 2015 WL 9587725, at \*2 (quoting *Wright v. Wright*, 337 S.W.3d 183 (Tenn. 2011)) (alteration in original). Instead, the Court has "balance[d] the determination of what is a reasonable fee to ensure that attorneys have the necessary incentive to accept cases involving minors in the future and what is in the best interest of the minor considering the minor's present and future needs." *Id*. (citation omitted).

"In determining what constitutes fair and reasonable compensation to an attorney, a trial court must consider the ten factors set out in Tennessee Rule of Professional Conduct 1.5, which apply regardless of the age of the client." *Sherrard v. City of E. Ridge*, No. 1:22-CV-200, 2023 WL 6166463, at \*2 (E.D. Tenn. Sept. 21, 2023) (citations omitted). The factors are:

(1)    the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2)    the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3)    the fee customarily charged in the locality for similar legal services;

(4)    the amount involved and the results obtained;

(5)    the time limitations imposed by the client or by the circumstances;

(6)    the nature and length of the professional relationship with the client;

(7)    the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8)    whether the fee is fixed or contingent;

(9)    prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and

4

(10)     whether the fee agreement is in writing.

Tenn. Sup. Ct. R. 8, RPC 1.5(a)(1)–(10). "These factors are not exclusive and each factor may not be relevant in every case." *Thrivent Fin. for Lutherans*, 2015 WL 9587725, at \*2.

Starting with the first factor, Attorney Lawrence estimates that he and his firm spent more than 50 hours working on this matter [Doc. 19-2 ¶ 10].[2] He represents that his office "generated 336 case notes related to the development and working of this case" [*id.* ¶ 6], and he details the work that he and his firm conducted in this case [*id.* ¶ 7]. Attorney Lawrence submits that this case "was an atypical personal injury case with complicated evidentiary issues" and that he received "this case by another personal injury attorney due to the complexity of establishing liability" [*Id*. ¶ 17]. This factor supports the fee request.

As to the second factor, Attorney Lawrence claims that taking this case "precluded [him] from taking other cases, due to [his] current workload and the time invested in this case" [*Id.*]. This factor favors the fee request.

The third factor is the fee that is customarily charged in the locality for similar legal services. "This factor includes consideration of the degree of risk to the attorney." *Sherrard*, 2023 WL 6166463, at \*5 (citation omitted). "[W]hile the Court cannot consider the reasonableness of the contingency-fee arrangement in this particular case, the fact that such cases are typically taken on a contingent basis indicates a higher degree of risk in such cases in general." *Id*. Further, while the hourly rate requested is generally higher than what this Court typically allows, the Court

---

[2]     Plaintiff's attorneys did not keep records of their time [Doc. 19-2 ¶ 10]. But for the reasons explained above, the Court finds the attorneys' fees are reasonable. *See Thrivent Fin. for Lutherans*, 2015 WL 9587725, at \*3 (noting that "the Court is troubled that [the attorney] has not kept records of his time as keeping accurate time records is part of the responsibility of an attorney seeking payment of fees in cases involving minors" but granting his request for attorney's fees (citation omitted)).

notes that counsel billed over 50 hours, and Attorney Lawrence describes this case as "an atypical personal injury case" [Doc. 19-2 ¶ 17]. This factor supports the fee request.

The fourth factor considers the amount involved and the results obtained. Here, counsel represents that Plaintiff was offered nothing before he got involved. Considering the amount offered and the results obtained, the Court finds this too supports the fee request.

The fifth factor is the time limitation. Attorney Lawrence states that "[t]here were no time limitations imposed by the client or by the circumstances" but that counsel "did not delay in acting for the Aiuto family" [Doc. 19-2 ¶ 17]. He adds, "The Aiuto family has expressed satisfaction with [their] services in this regard" [*Id.*]. This factor is therefore neutral.

With respect to the sixth factor, the nature and length of professional relationship, Attorney Lawrence states that the "professional relationship . . . has lasted approximately one year" [*Id.*]. Given that this is counsel's first time representing the Minor, the Court finds that "[t]his factor is neutral on the fee amount that would be reasonable for the representation." *Sherrard*, 2023 WL 6166463, at *6.

Turning to the seventh factor, the experience, reputation, and ability of the lawyers, Attorney Lawrence states that he has "has been practicing law in Tennessee since 2014," and that he has "always been in good standing in the legal community" [*Id.*]. He submits that he "frequently receive[s] referrals of premise liability cases from other personal injury lawyers due to [his] experience and results with these cases" [*Id.*]. In addition, he has "other cases before trial courts in all corners of Tennessee" [*Id.*]. The Court finds this factor supports the fee request.

With respect to the eighth factor, whether the fee is fixed or contingent, Attorney Lawrence states that it is contingent [*Id.*]. The Court has already considered counsels' risk in taking this case, and "[b]ecause the Tennessee Supreme Court has stated that a contingency-fee agreement is not

6

binding and should not be considered, it appears this factor should receive little to no weight in the analysis." *Sherrard*, 2023 WL 6166463, at *6 (internal citation omitted).

The ninth factor is prior advertisements or statements by the lawyers with respect to the fees the lawyers charge. Attorney Lawrence states that "[t]he nature of the contingency fee agreement was fully explained to [Plaintiff] Aiuto at the initial client meeting, was agreed to by her without issue, and was memorialized in a written contract" [Doc. 19-2 ¶ 17]. Given that the contingency-fee agreement is not binding, this factor receives little weight.

The final factor considers whether the fee agreement is in writing. Here, it was in writing. Even so, "because a contingency-fee agreement is not binding on a minor, this factor is entitled to little weight." *Sherrard*, 2023 WL 6166463, at *6.

After weighing the above factors, the Court finds the requested amount of attorneys' fees reasonable under the circumstances of this case. *See Wood v. Van Over*, No. 3:18-CV-380, 2019 WL 7882568, at *4 (E.D. Tenn. Nov. 26, 2019) (approving a minor settlement agreement that included a 40% contingency agreement after considering the reasonableness and the best interest of the minor), *report and recommendation adopted*, No. 3:18-CV-380, 2020 WL 620277 (E.D. Tenn. Feb. 10, 2020).

With respect to the costs, Attorney Lawrence explained that they primarily involved the filing fee, medical records requests, service fees, administrative fees for litigation notes, and deposition costs. The Court finds these reasonable.

7

## III.    CONCLUSION

For the reasons set forth below, the Court **GRANTS** Joint Motion for Entry of an Order Approving Compromise and Settlement of a Minor's claim and Final Order of Dismissal [**Doc. 19**]. The Court **ORDERS**:

1.  All claims of the Minor, including all derivative claims of Plaintiff Shannon Aiuto in her individual capacity as well as on behalf of the minor, against Walmart are hereby settled and compromised pursuant to the agreement of the parties recited above and in accordance with Tenn. Code Ann. § 29-34-105.

2.  This Order reflects the full and final compromise and settlement of all claims of the Minor and on behalf of the Minor against Walmart which arise out of the alleged incident at the Knoxville, Tennessee, Walmart store on June 26, 2024.

3.  A settlement check in the amount the parties agreed to will be paid directly to "Shannon Aiuto, individually and as next friend to Minor and their attorneys, GRIFFITH LAW PLLC."

4.  Attorney fees and litigation expenses requested by affidavit of Plaintiff's counsel are approved and granted to be paid from the above-referenced settlement proceeds.

5.  Plaintiff Shannon Aiuto is the natural parent and the legal guardian of the Minor and is acting exclusively in the minor's best interests.

6.  The execution of this Order bars any further claims by the Minor or on behalf of the minor or by anyone acting on his behalf against Walmart arising from the incident alleged in the Complaint. The Court further finds that the above settlement provisions are in the best interests of the Minor and are accordingly approved.

7.  Plaintiff Shannon Aiuto shall be solely responsible for satisfying any medical liens or other subrogation claims from the settlement proceeds, which may exist related to this incident.

8

8. Plaintiff Shannon Aiuto shall be solely responsible for paying any and all additional medical expenses from the settlement proceeds, which she or the Minor will incur related to this incident.

9. That this action against Walmart, Inc., Wal-Mart Stores East, LP, and Wal-Mart Stores, Inc. will be dismissed with prejudice.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

9